IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 7:21-cv-00310 |
| DFS FAMILY LIMITED PARTNERSHIP, | § § § | |
| Defendant. | § § | |

## ORIGINAL COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Atain Specialty Insurance Company files this Complaint for Declaratory Relief against Defendant DFS Family Limited Partnership, and respectfully shows the following:

### I.

### **PARTIES**

1. Plaintiff Atain Specialty Insurance Company ("**Atain**") is a corporation organized and existing under the laws of the State of Michigan with its principal place of business in the State of Michigan and is, therefore, a citizen of Michigan, as defined by 28 U.S.C. §1332.

2. Defendant DFS Family Limited Partnership ("**DFS**") is a Texas limited partnership. DFS's limited partners are individual residents and citizens of Texas. DFS's general partner is 3KS Enterprises, LLC, a limited liability company whose members are individual residents and citizens of Texas. Accordingly, DFS is a citizen of Texas. DFS may be served through its registered agent, Francisco Sital, 1509 Rankin, Mission, Texas 78572, or wherever he may be found.

### II.

### **JURISDICTION AND VENUE ALLEGATIONS**

4. This is an action for declaratory relief pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because the DFS's principal place of business is in Hidalgo County, which is within this judicial district, and the property that is the subject of the action is situated within this judicial district.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. There exists complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest, attorney's fees, and costs as set forth below.

7. Declaratory relief is proper regarding the subject matter of this action because there is an actual controversy between the parties as set forth below. Pursuant to 28 U.S.C. § 2201, this Court has the power to declare the rights, obligations, and duties of the parties and to give such other relief as may be necessary.

### III.

### FACTUAL BACKGROUND

**The First-Party Property Claim**

8. DFS owns two buildings located at 1605 Griffin Parkway, Mission, Texas 78572 which, at all relevant times, were being utilized as a daycare (the "**Property**").

9. Atain issued to DFS a combined Commercial General Liability and Commercial Property Policy having policy number CIP379787, for policy period May 11, 2020 to May 11, 2021 (the "**Policy**").[1] A true and correct copy of the Policy is attached hereto as **Exhibit A**.

10. The Policy provides commercial property coverage for each of the two buildings

---

[1] The original named insured on the Policy was Frank Sital. However, via endorsement effective **June 12, 2020** (before the subject date of loss of **June 26, 2020**, as discussed herein), the named insured was changed to DFS Family Limited Partnership. Accordingly, DFS was the named insured at the time of the subject loss.

comprising the Property – delineated as Building 1 and Building 2 – as well as Business Personal Property (i.e., furniture and fixtures) at the Property, and fences and light poles at Building 2, subject to all terms, conditions, limitations and exclusions in the Policy.

11. On **July 27, 2020**, DFS submitted a claim to Atain for damage to the Property allegedly caused by wind associated with Hurricane Hanna on **July 26, 2020** (the "**Claim**").

12. Atain immediately hired Team One Adjusting ("**Team One**"), an independent adjuster, to inspect the Property. On July 30, 2020, Team One inspected the Property and observed a very minor amount of damage to the roofs of each building, along with the fencing around each building. Team One also observed water stains in the kitchen of Building 1 caused by an air conditioner unit and water stains in the activity room of Building 1 caused by a blocked rain gutter. These conditions were unrelated to the storm.

13. On or about **August 13, 2020**, Atain notified DFS that the very minor amount of damage even potentially covered by the Policy would not exceed the applicable Policy deductibles and, accordingly, no money was owed under the Policy.

14. On **November 12, 2020**, DFS sent correspondence to Minuteman Adjusters, Atain's third party administrator, demanding payment of $85,535.08 in connection with the Claim. In its November 12th correspondence, DFS submitted an estimate from a contractor reflecting the amount demanded.

15. On **February 16, 2021**, Atain, through counsel, responded to DFS's November 12th correspondence and requested various documents and records from DFS, as well as dates to take DFS's Examination Under Oath (EUO) as provided by the Policy. To date, DFS has not provided any of the requested documentation or any acknowledgment of Atain's request for DFS's EUO.

**The Atain Policy**

16. The Claim was submitted under the Atain Policy, which provides coverage for direct physical loss of or damage to the Property, subject to all terms, conditions, limitations, and exclusions therein. The deductible for damage due to wind or hail is 2% of the limit of insurance of covered property, per occurrence, subject to a minimum of $2,500. *See* Policy, **Exhibit A**.

17. The Policy provides, in relevant part, as follows:

### CAUSES OF LOSS – SPECIAL FORM

\*\*\*

**B.    Exclusions**

\*\*\*

2. We will not pay for loss or damage caused by or resulting from any of the following:

   f. Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

   \*\*\*

   **d.**   **(1)**   Wear and tear;
   
   **(2)**   Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;
   
   \* \* \*
   
   **(4)**   Settling, cracking, shrinking or expansion;
   
   \*\*\*

3. We will not pay for loss or damage caused by or resulting from any of the following, **3.a**. through **3.c.** But if an excluded cause of loss that is listed in **3.a**. through **3.c**. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

   \*\*\*

   **c.**   Faulty, inadequate or defective:

   **(2)**   Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

  **(3)** Materials used in repair, construction, renovation or remodeling; or

  **(4)** Maintenance;

of part or all of any property on or off the described premises.

\*\*\*

**C.** **Limitations**

The following limitations apply to all policy forms and endorsements, unless otherwise stated.

\*\*\*

 **c.** The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

  (1) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; ….

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

**E.** **Loss Conditions**

\*\*\*

**3. Duties In The Event Of Loss Or Damage**

 **a.** You must see that the following are done in the event of loss or damage to Covered Property:

\*\*\*

  **(5)** At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

  **(6)** As often as may be reasonably required, permit us to inspect the property providing the loss or damage and examine your books and records. Also permit us to take samples of damaged and undamaged property for inspection, testing and

>> analysis, and permit us to make copies from your books and records.
>
> ***
>
> **(7)** Cooperate with us in the investigation or settlement of the claim.
>
> **b.** We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

18. The Policy also contains a **WIND OR HAIL DEDUCTIBLE** which provides, in relevant part:

> In any one occurrence or loss or damage to covered property wind or hail (hereinafter referred to as loss), we will first reduce the amount of loss if required by the Coinsurance Condition or the Agreed Value Optional Coverage. If the adjusted amount of loss is less than or equal to the Deductible, we will not pay for that loss. If the adjusted amount of loss exceeds the Deductible, we will then subtract the Deductible for the adjusted amount of loss, and will pay the resulting amount or the Limit of Insurance, whichever is less.
>
> In determining the amount, if any, that we will pay for loss or damage, we will deduct an amount equal to 2% of the Limit(s) of Insurance of covered property that has sustained loss or damage, subject to a $2,500 minimum Deductible.
>
> The Wind or Hail Deductible is calculated separately for, and applies separately to:
>
> 1. Each building that sustains loss or damage.
> 2. The building and to personal property in that building, if both sustain loss or damage;
> 3. Personal property ate ach building, if that personal property sustains loss or damage;
> 4. Personal property in the open;
> 5. Each separately scheduled item.

19. The Policy contains a **ROOF – COSMETIC DAMAGE EXCLUSION ENDORSEMENT** which provides, in relevant part:

> In consideration for the premium charged, we do not cover "cosmetic loss or damage" to roof(s) or "roof coverings" unless there is actual damage to the roof(s)

or "roof coverings" due to a covered cause of loss during the policy period that causes the penetration of water, snow or ice.

For the purposes of this endorsement, "roof coverings" are defined as the shingles, tiles, cladding, metal or synthetic sheeting, vent caps, trim, drip, edging or similar materials covering the roof and includes all materials used in securing the roof surface and all materials applied to or under the roof surface for moisture protection, as well as roof flashing.

"Cosmetic loss or damage" includes, without limitation, spatter/splatter marks on oxidized surfaces, blemishes, dents, dings, dimples, chips, marring, pitting, scratches, gouges, grooves or any other damage that does not cause the penetration of water, snow or ice.

20. The Policy contains an **EXISTING DAMAGE EXCLUSION ENDORSEMENT** which provides, in relevant part:

In consideration of the premium charged, we do not insured any (1) "existing damage," or (2) any loss or damage that arises out of any "existing damage." This exclusion applies regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

"Existing damage" is defined as any visible or nonvisible damages that existed before the inception date of this policy.

21. The Policy contains a **GENERAL ENDORSEMENT** which provides, in relevant part:

### ACTUAL CASH VALUE

Unless otherwise indicated, the Company [Atain] shall not be liable beyond the actual cash value of the property insured hereunder on the date of loss (such actual cash value to be determined as replacement cost with proper deduction for depreciation), but not exceeding the amount which it would cost to repair or replace the same with materials of like kind and quality or amount insured by this policy.

22. Additional provisions in the Policy may apply to limit or preclude coverage and the Atain Policy, attached as **Exhibit A**, is fully incorporated herein.

23. As discussed above, Atain's claim investigation determined that any minor storm-related damage to the Property would not exceed the Wind or Hail Deductible. In addition, Atain's

claim investigation determined that interior water damage was not caused by any storm-created openings in the roof or walls. Rather, such damage was caused by clogged gutters and HVAC condensation and/or leakage.

24. In addition, upon receiving an estimate prepared by a contractor hired by DFS, Atain requested additional information and documents, along with dates to take DFS's examination under oath. To date, DFS has not provided any response to Atain's requests. This failure by DFS is a breach of the conditions of the Policy, and DFS's failure to cooperate and comply with the Policy's terms and conditions prejudiced Atain's ability to investigate the Claim.

## IV.
## DECLARATORY JUDGMENT

25. Atain re-alleges and incorporates by reference the allegations in the paragraphs stated above.

26. Atain requests that this Court declare the rights of the parties regarding the actual controversies existing between them as set forth herein and enter judgment as set forth below.

## V.
## JURY DEMAND

27. Atain requests that this civil action be tried before a jury.

## VI.
## PRAYER

WHEREFORE, Plaintiff Atain Specialty Insurance Company respectfully requests that the Court enter judgment finding and declaring the rights of the parties as follows:

A. That Team One accurately determined the scope and amount of loss attributable to the storm at issue;

B. That claimed interior water damage to the Property is not covered under the Policy;

C. That Atain does not owe any amounts to DFS under the Policy in connection with the Claim;

D. That DFS breached the Policy and failed to comply with the loss conditions of the Policy set forth hereinabove; and

E. That Atain Specialty Insurance Company be granted such other and further relief as the Court deems just and fit under the circumstances.

Dated: August 17, 2021

Respectfully submitted,

*/s/ Michael D. Feiler*
MICHAEL D. FEILER
Texas Bar No. 24055475
SD Bar No. 705199
MATT R. PICKELMAN
Texas Bar No. 24013328
SD Bar No. 1109721
JONATHAN A. LAUTIN
Texas Bar No. 24092669
SD Bar No. 2934960
**QUILLING SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100
(214) 871-2111 (Facsimile)
mfeiler@qslwm.com
mpickelman@qslwm.com
jlautin@qslwm.com

**ATTORNEYS FOR PLAINTIFF ATAIN SPECIALTY INSURANCE COMPANY**